﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 190822-26195
DATE: August 31, 2020

ORDER

Entitlement to an earlier effective date of January 18, 2018, but no earlier, for the award of service connection for the left knee total knee arthroplasty (TKA) scar is granted.

Entitlement to an earlier effective date of February 10, 2017, but no earlier, for an increased rating of 60 percent disabling for residuals from the left TKA, is granted.

FINDINGS OF FACT

1. The evidence of record demonstrates that a complete claim requesting entitlement for an increased disability rating of residuals from the Veteran’s left TKA was received within one year of the January 18, 2018 receipt date of the Veteran’s intent to file.

2. The evidence of record demonstrates that an increase in residuals from the Veteran’s left TKA was factually ascertainable, within a one-year period prior to the January 18, 2018 receipt date of the Veteran’s intent to file.

CONCLUSIONS OF LAW

1. The criteria for entitlement to an earlier effective date of January 18, 2018, but no earlier, for the award of service connection for the left TKA scar, have been met. 38 U.S.C. §§ 5110, 5107, 5103(b); 38 C.F.R. §§ 3.155(b), 3.159, 3.160, 3.400.

2. The criteria for entitlement to an earlier effective date of February 10, 2017, but no earlier, for an increased disability rating of 60 percent for residuals of TKA, have been met. 38 U.S.C. §§ 5110, 5107, 5103(b), 1155; 38 C.F.R. §§ 3.155(b), 3.159, 3.160, 3.400, 4.1, 4.3, 4.7, 4.71a, DC 5055.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Marine Corps from September 1983 to December 1985.

These matters are before the Board of Veterans’ Appeals (Board) on appeal from a June 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO).

In August 2019, the Veteran submitted VA Form 10182 (NOD), selecting Evidence Submission Reviewed by a Veterans Law Judge. No hearing was requested. A September 2019 Board letter notified the Veteran that his appeal had been placed on the Evidence Submission docket. The Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on the issue on appeal, and evidence submitted by the Veteran within 90 days following receipt of the NOD. 38 C.F.R. § 20.303.

The Veteran’s representative submitted an informal hearing presentation on April 16, 2020. The Veteran’s representative requested entitlement for: (1) an earlier effective date for an award of Dependents’ Educational Assistance, (2) an increased rating for the Veteran’s right knee degenerative joint disease, and (3) an increased rating for the Veteran’s previously service-connected left knee surgical scar. These three issues are not presently before the Board.

In February 2014, the RO granted service connection for the residual disability from the Veteran’s November 2013 left TKA. In November 2015, the Veteran underwent a left revision TKA with polyethylene exchange. After the Veteran’s left TKA, his left knee was evaluated pursuant to Diagnostic Code (DC) 5055 (knee replacement). 

The RO assigned the Veteran a temporary evaluation of 100 percent with an effective date of November 30, 2015, based on surgical treatment necessitating convalescence that became 30 percent January 1, 2017.

The RO granted an increased rating of 60 percent in April 2019 for the residual disability from the Veteran’s left TKA. Additionally, the RO granted service connection with a noncompensable disability rating for the Veteran’s left TKA scar. The RO assigned an effective date of January 30, 2019, the date of the receipt of the Veteran’s VA Form 21-526EZ, as the effective date of the 60 percent rating of the residual disability from the left TKA and the award of service connection for the left knee surgical scar. 

The Veteran filed a supplemental claim, challenging the January 30, 2019 effective date for both the service-connected left knee scar and the increased rating for the left TKA. In June 2019, the RO found no revision was warranted in the evaluation of the effective date for the grant of service connection for the left knee surgical scar or an increased rating of the left knee disability.

1. Entitlement to an effective date prior to January 30, 2019 for service connection for left TKA scar 

The Veteran contends he is entitled to an earlier effective date prior to January 30, 2019, for the award of service connection for the left TKA scar. The Veteran asserts his representative submitted a valid claim on January 14, 2019, preserving the receipt date of the intent to file as the effective date.

Generally, the effective date for the grant of service connection for a disease or injury is the date of receipt of claim, or date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400.

VA regulations allow a claimant to submit an intent to file a claim, and VA may recognize the receipt date of the intent to file a claim as the date of claim so long as VA receives the successfully completed claim form within a year. 38 C.F.R. § 3.155(b). A specific claim in the form prescribed by the Secretary must be filed for benefits to be paid or furnished to any individual under the laws administered by VA. 38 U.S.C. § 5101(a); 38 C.F.R. § 3.151(a).

The record contains the Veteran’s formal intent to file a claim, received January 18, 2018. On January 14, 2019, the Veteran’s representative submitted a request for an increased rating for the residual disability from the Veteran’s TKA, to be processed in the Decision Ready Claims (DRC) program. The DRC program entitled veterans an opportunity to receive a VA examination prior to submitting a claim. The DRC program required veterans to submit an intent to file to provide an effective date in accordance with a veteran’s first filing. For a claim to be processed through the DRC program, a veteran must work with an accredited representative and cooperate with the RO to gather all evidence to receive a VA examination before applying for benefits. Here, the Veteran’s representative submitted the DRC Contract Exam Information, using the prescribed VA Form 21-4138 and DRC Documents Coversheet, thus initiating the DRC process of the claim.

On January 29, 2019, the Veteran’s representative corresponded with the RO regarding the status of the Veteran’s DRC claim. The RO informed the Veteran’s representative that, as the Veteran was a VA employee, the Veteran’s claim could not proceed through the DRC program. The RO instructed the Veteran’s representative to submit VA form 21-526EZ, which was received January 30, 2019. The RO provided language from a VBA guidance document that stated that if a claim was excluded from the DRC program, the RO will send an exclusion letter to the Veteran and continue processing the claim. 

Giving the Veteran the benefit of the doubt, the Board finds the Veteran’s valid submission to participate in the DRC program established a claim for benefits. 38 C.F.R. § 3.160(b); See Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1990). The Veteran’s representative submitted the intent to file January 18, 2018, and the Veteran became a claimant in the DRC program on January 14, 2019, within one year of initiating the claim. The evidence of record shows the Veteran submitted his claim on the assigned DRC form, clearly identifying the request for an examination for the increased disability rating for the left TKA residuals, and actively pursued his claim while it was pending. The January 2019 email correspondence showed the RO initiated the Veteran’s DRC program request as an original formal claim and continued to process the claim prior to submission of the VA 21-526EZ. See Quarles v. Derwinski, 3 Vet. App. 129, 134 (1992). While the Veteran was ultimately found to be ineligible for the DRC program, the fact remains that the Veteran filed a formal claim on the assigned DRC form within 1 year of his intent to file and immediately took corrective action by filing the applicable form VA 21-526EZ once he was notified that he was not eligible for the DRC program. Thus, the Board finds that the Veteran had continuously prosecuted his claim since his intent to file on January 18, 2018. 

The RO received the Veteran’s claim within the one-year regulatory period formalized by the Veteran’s intent to file on January 18, 2018. 38 C.F.R. § 3.155(b). Although the Veteran did not include a request for entitlement to service connection for his left knee surgical scar in his initial January 14, 2019 claim, the claim prompted the RO provided a VA medical examination for scars and disfigurement associated with the residuals of the Veteran’s left TKA. The grant of service connection for the Veteran’s left TKA scar was a result of the medical opinion provided in the VA medical examination. Thus, the Board finds that the date of the intent to file applies to the award of service connection in this case. An effective date of January 18, 2018 for the grant of service connection for the Veteran’s left TKA scar is granted. 

2. Entitlement to an effective date prior to January 30, 2019 for entitlement to an increased 60 percent rating for residuals of left TKA 

The Veteran contends he is entitled to an earlier effective date, prior to January 30, 2019, for an increased rating of 60 percent for the residual disability resulting from his left knee replacement surgery.

The effective date of an award for an increased rating is either the date the claim is received, or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400(o)(1). This general rule has an important exception that provides: the effective date will be the “[e]arliest date as of which it is factually ascertainable based on all evidence of record that an increase in disability had occurred if a complete claim or intent to file a claim is received within 1 year from such date, otherwise, [the effective date is the] date of receipt of the claim.” 38 C.F.R. § 3.400(o)(2). Determining an appropriate effective date for an increased rating involves an analysis of the evidence to determine (1) when a claim for an increased rating was received and, if possible (2) when the increase in disability actually occurred. 38 C.F.R. §§ 3.155, 3.400(o)(2); see also Hazan v. Gober, 10 Vet. App. 511 (1997).

DC 5055 provides a total rating (100 percent) for one year following prosthetic replacement of a knee joint. Once any applicable total rating period has elapsed, under DC 5055 the minimum rating that may be assigned for a prosthetic knee is 30 percent. A 60 percent rating shall be assigned if there are chronic residuals consisting of severe painful motion or weakness in the affected extremity. Apart from the assignment of a total disability rating, the maximum schedular rating that can be assigned under DC 5055 is 60 percent. 38 C.F.R. § 4.71a.

The Board established in the analysis above that the date of the Veteran’s intent to file is controlling to determine the effective date for the grant of an increased rating for the Veteran’s left knee replacement. The issue of an earlier effective date for the Veteran’s increase therefore turns on whether it is factually ascertainable, based on all the evidence of record, to determine that an increase in the Veteran’s residual disability from the left TKA occurred within one year prior to January 18, 2018. 38 C.F.R. § 3.400(o)(2).

On January 1, 2017, the Veteran’s temporary evaluation of 100 percent for the left TKA residuals was reduced to the minimum 30 percent under DC 5055. VA medical treatment records show the Veteran received treatment for severe knee pain in February 2017. The Veteran complained of severe pain and weakness in his left knee, requiring the use of a knee brace five days of the week. During the Veteran’s February 10, 2017 physical therapy session, the VA Doctor of Physical Therapy assessed that the Veteran presented chronic knee pain with limitations in his range of motion and weakness in his left knee. In a follow up physical therapy consult on February 13, 2017, the Veteran described the pain in his knee as 8 out of 10, which prevented him from performing the physical therapy needed for his left leg. The Veteran’s later medical history showed a continuous diagnosis of chronic knee pain from February 2017 until the Veteran’s left knee VA examination in March 2019. 

The February 10, 2017 VA treatment records present medical evidence that the Veteran suffered chronic residuals consisting of severe painful motion or weakness in the left knee. The Board acknowledges that in a January 2018 VA knee examination, the examiner characterized the level of severity of the Veteran’s left knee TKA residuals as intermediate degrees of residual weakness, pain, or limitation of motion. However, the Board finds that the totality of the evidence of record still supports that the Veteran had chronic residuals consisting of severe painful motion or weakness. At the January 2018 VA examination, the Veteran had painful limited flexion and extension in the left knee, and he was unable to perform repetitive use testing due to too much pain. This is consistent with the February 2017 treatment notes which demonstrate that the Veteran’s left knee pain prevented him from completing physical therapy. 

Therefore, resolving all reasonable doubt in favor of the Veteran, the Board finds that the residual disabilities from his left TKA show an increase in disability consistent with an increased rating from the minimum 30 percent to 60 percent rating. 39 C.F.R. § 4.71a; DC 5055. Thus, it is factually ascertainable that an increase in the left knee residual disability from the Veteran’s TKA has occurred within the regulatory one-year period preceding the Veteran’s increased rating claim. An earlier effective date of February 10, 2017, but no earlier, for an increased rating of 60 percent disabling for residuals of the left TKA is granted.

 

 

JENNIFER HWA

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A.V. Bona, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.